1  Arent Fox LLP
   Robert C. O'Brien, Bar No. 154372
2  David Bayles, Bar No. 208112
   555 West Fifth Street, 48th Floor
3  Los Angeles, CA  90013-1065
   Telephone:     213.629.7400
4  Facsimile:      213.629.7401

5  Attorneys for Plaintiff
   PAC-WEST TELECOMM, INC.

6
   McCormick, Barstow, Sheppard, Wayte
7   & Carruth LLP
   D. Greg Durbin, Bar No. 81749
8  Daniel S. Cho, Bar No. 260902
   P.O. Box 28912
9  5 River Park Place East
   Fresno, CA 93720-1501
10 Telephone:     559.433.1300
   Facsimile:      559.433.2300

11
   Attorneys for Defendant
12 MCI COMMUNICATIONS SERVICES, INC.
    d/b/a VERIZON BUSINESS SERVICES

13

14                   UNITED STATES DISTRICT COURT

15                   EASTERN DISTRICT OF CALIFORNIA

16

17

18 PAC-WEST TELECOMM, INC.,

19                Plaintiff,                        Case No. 1:10-cv-01051-OWW-GSA

20 v.
                                                   **CORRECTED  STIPULATED**
21 MCI COMMUNICATIONS SERVICES,           **PROTECTIVE ORDER**
   INC. d/b/a VERIZON BUSINESS
22 SERVICES

23                Defendant.

24

25         The parties in the above-titled action are engaged in discovery, in connection with which

26 they will obtain from each other documents, things and information, some of which are or will be

27 deemed by the supplying party to constitute or contain trade secrets or other confidential

28 commercial information within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil

Procedure ("Fed. R. Civ. P.").  In order to proceed efficiently with discovery, the parties have agreed that the documents, things and information that a supplying party designates as containing confidential information shall be treated as confidential, subject to the challenge and review procedures detailed below.  The parties also agree that certain particularly sensitive commercial information requires an additional degree of confidentiality, so that it is necessary to restrict its disclosure to counsel.

Fed. R. Civ. P. 26(c) provides for the issuance of protective orders limiting the disclosure of discovered information in appropriate circumstances.  Therefore, Plaintiff Pac-West Telecomm, Inc. ("Pac-West") and Defendant MCI Communications Services, Inc. d/b/a Verizon Business Services ("Verizon") have sought the Court's entry of this Protective Order to prevent unnecessary dissemination or disclosure of such confidential information, and for good cause having been shown, **IT IS HEREBY ORDERED** as follows:

1.      Any Party supplying documents or information in this proceeding may designate such information or documents CONFIDENTIAL or ATTORNEYS' EYES ONLY in the manner provided below.  As used herein, the term Party shall mean any party to this action.  The term Signatory shall mean any person who has agreed to be bound by the provisions of this Protective Order.

2.      This Protective Order shall apply to all information, documents and things within the scope of discovery of this action that are in the custody or possession of the Parties and/or which were received by a Party from a third party under an obligation of confidentiality, which constitute or contain confidential financial, commercial, marketing or business information, trade secrets, know-how or proprietary data relating to financial, commercial, marketing, business and other subject matter within the meaning of Rule 26(c)(1)(G), and which is properly designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, pursuant to the following provisions by the

- 2 -      CORRECTED STIPULATED PROTECTIVE ORDER

Party producing the information including, but not limited to, documents and things responsive to requests for production of documents, responses to written interrogatories, responses to requests for admission, testimony adduced at depositions, and hearing or trial transcripts.

3.      The term "CONFIDENTIAL" shall mean any information, documents or things, whether documentary or oral, so designated by any party that constitutes sensitive personal information, confidential financial, commercial, marketing or business information, know-how or proprietary data relating to financial, commercial, marketing, business and other subject matter within the meaning of Rule 26(c)(1)(G) that has been maintained as confidential.  Information may be designated CONFIDENTIAL because it constitutes Customer Proprietary Network Information as defined by 47 U.S.C. § 222(f)(1).  CONFIDENTIAL information includes copies, summaries, abstracts, excerpts, indices and descriptions of CONFIDENTIAL information.  A designation of information or documents as CONFIDENTIAL shall constitute a representation by the supplying party that it in good faith believes that the material is entitled to protection under Fed. R. Civ. P. 26(c).

4.      The term "ATTORNEYS' EYES ONLY" shall mean CONFIDENTIAL information, whether documentary or oral, designated by any party as ATTORNEYS' EYES ONLY, that is of such a highly sensitive or competitive nature that disclosure to the other party would be likely to cause competitive harm to the producing party in the offering or provision of telecommunications services.  Information may not be designated ATTORNEYS' EYES ONLY solely because it constitutes Customer Proprietary Network Information as defined by 47 U.S.C. § 222(f)(1).  ATTORNEYS' EYES ONLY information includes copies, summaries, abstracts, excerpts, indices and descriptions of ATTORNEYS' EYES ONLY information.

5.      Documents or information deemed CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be so designated by one of the following means:

a.      Labeling, marking or stamping documents and things that constitute or contain CONFIDENTIAL information with the legend CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER.  Documents and things produced without a legend designating the material as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall not be subject to this Protective Order unless agreed by all Parties or ordered by this Court, or otherwise designated in accordance with the provisions of Paragraph 5 of this Protective Order.

b.      During the course of an oral deposition of current or former directors, officers, employees or agents of a Party, or any witness pursuant to Paragraph 13(a)-(b) below, stating on the record that the testimony in question contains CONFIDENTIAL information or information for ATTORNEYS' EYES ONLY.  Alternatively, such designation may be made within ten (10) days after an official deposition transcript is provided.  In either case, that portion of the deposition transcript containing the CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall be separately bound and marked CONFIDENTIAL or ATTORNEYS' EYES ONLY.  The Parties agree to deem the entire transcript and all testimony adduced at each deposition as ATTORNEYS' EYES ONLY during such ten-day period.  If notice is timely received prior to the expiration of such ten days that a Party has designated transcript pages or testimony as CONFIDENTIAL or ATTORNEYS' EYES ONLY such testimony and/or pages shall be deemed as such under this Order.  All other testimony shall not be subject to this Order.

c.      Marking or stamping the pages of interrogatory answers or the like containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information; or

d.      Marking and stamping the pertinent pages of any other documents, discovery responses, or correspondence containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information.

- 4 -      CORRECTED STIPULATED PROTECTIVE ORDER

6.      With respect to documents and things marked ATTORNEYS' EYES ONLY, in which not all of the information in the document is ATTORNEYS' EYES ONLY, the producing party, upon request from the requesting party, is required to provide to the requesting party a copy of the document with the ATTORNEYS' EYES ONLY information redacted.  If warranted under the definition contained in Paragraph 3 of this agreement, the producing party may mark the redacted copy as CONFIDENTIAL.  If the redacted copy is so marked, it may only be used and viewed in accordance with the terms and provisions of this agreement.

7.      If a Party or third party inadvertently produces or provides discovery of any CONFIDENTIAL or ATTORNEYS' EYES ONLY information without labeling or marking it with the legend CONFIDENTIAL or ATTORNEYS' EYES ONLY as provided in Paragraphs 3 and 4 of this Protective Order, the producing party may, within 10 days of learning of the inadvertent production, give written notice to the receiving party that the document, thing or other discovery information, response or testimony is CONFIDENTIAL or ATTORNEYS' EYES ONLY information and should be treated as such in accordance with the provisions of this Protective Order.  Upon receipt of such notice, and unless such designation is challenged pursuant to paragraph 22 of this Protective Order, the receiving party shall treat such documents, things, information, responses and testimony as CONFIDENTIAL or ATTORNEYS' EYES ONLY information, whichever is applicable, and shall mark the documents or things with the appropriate designation and so notify the producing party.  Prior to receipt of such notice, disclosure of such documents, things, information, responses, and testimony to a person not authorized to receive CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall not be deemed a violation of this Protective Order.

8.      Except for information protected by the attorney-client privilege, work product doctrine or other recognized privilege, no information may be withheld from discovery on the

ground that the material to be disclosed requires protection greater than that afforded by this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).  Nothing contained in this Protective Order shall be construed to require production or disclosure of any CONFIDENTIAL or ATTORNEYS' EYES ONLY information deemed by counsel for the party possessing such material to be protected from disclosure by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege.

9.      There is no waiver of the attorney-client privilege or the attorney work-product immunity should document(s) or thing(s) be produced which are otherwise protected from disclosure by the attorney-client privilege or the attorney-work-product doctrine and which were inadvertently produced.  Upon prompt notice by a producing party and upon a showing of privilege or immunity, the receiving party shall immediately return the originals and all copies of the privileged or protected document(s) or thing(s), unless the receiving party disputes the showing of privilege or protection.  If the receiving party disputes the showing, the receiving party's outside counsel may retain one copy of the document(s) or thing(s).  Within ten (10) days thereafter, the receiving party must file a motion with the Court to compel production of the document(s) or thing(s).  The producing party shall have the burden of showing privilege or protection.  From receipt of notice and until this Court resolves any such motion, the receiving party shall maintain the document(s) or thing(s) at issue on an ATTORNEYS' EYES ONLY basis.

10.     Material marked, labeled or otherwise designated CONFIDENTIAL or ATTORNEYS' EYES ONLY as described in Paragraphs 3 and 4 of this Protective Order may be offered into evidence at hearings and may be used to prepare for and conduct discovery, to prepare for trial and to support or oppose any motion in this action, but shall be subject to

Paragraphs 11 through 16 below and to any further order regarding confidentiality that this Court may enter.

11.     Material designated as CONFIDENTIAL shall be deemed and treated as such unless and until this Court rules to the contrary, and one Party's access to another Party's CONFIDENTIAL information and disclosure thereof shall be limited, unless and until this Court rules that there may be further disclosure, to:

(a)     The Court, Court personnel, Court officials involved in this litigation (including court reporters), and any person designated by the Court upon such terms as the Court may deem proper.

(b)     Any in-house counsel of a Party (or of any affiliate of Verizon Business identified in schedule A annexed hereto) to the extent necessary in the conduct of this litigation or in rendering legal advice in connection with this litigation, and the stenographic, clerical and paralegal employees and agents of said counsel whose duties and responsibilities require access to material designated CONFIDENTIAL.

(c)     Outside counsel that are retained or engaged by a Party for purposes of this litigation, and outside counsel's stenographic, paralegal and clerical employees or agents whose duties and responsibilities require access to CONFIDENTIAL information.

(d)     Outside consultants and experts that are retained or engaged by a Party for purposes of this litigation whose duties and responsibilities require access to CONFIDENTIAL information.  Five days prior to disclosure to any consultant or expert, the person must be informed of and agree to be subject to the provisions of this Protective Order requiring that the documents and information be held in confidence by signing an undertaking in the form of Exhibit A to this Protective Order, and a copy of such undertaking must be provided to outside counsel of record.

(e)    Current or former officers or employees of a Party only to the extent necessary, on a "need to know" basis, to provide advice in the conduct of this litigation, provided that former officers and employees may not retain copies of or otherwise recreate any material designated as CONFIDENTIAL that is shown to them, pursuant to the provisions of this subparagraph.

(f)    Court reporters and videographers engaged for depositions and those third parties, if any, specifically engaged for the limited purpose of copying, processing or managing documents.

(g)    Any other person agreed to in writing by the producing party.

12.    Material designated as ATTORNEYS' EYES ONLY shall be deemed and treated as ATTORNEYS' EYES ONLY information, unless and until this Court rules to the contrary, and one Party's access to another Party's ATTORNEYS' EYES ONLY information and disclosure thereof shall be limited, unless and until this Court rules that there may be further disclosure, to:

(a)    The Court, Court personnel, Court officials involved in this Litigation (including court reporters), and any person designated by the Court upon such terms as the Court may deem proper.

(b)    Outside counsel of record for the Parties, and outside counsel's stenographic, paralegal and clerical employees or agents whose duties and responsibilities require access to ATTORNEYS' EYES ONLY information.

(c)    Inside counsel for the Parties who are responsible for this litigation, and those inside counsel's stenographic, paralegal and clerical employees or agents whose duties and responsibilities require access to ATTORNEYS' EYES ONLY information.

(d)    Current and/or former employees and directors of the producing party who

are witnesses at depositions or trial, but only to the extent reasonably necessary to examine that person.

(e) Individuals who are authors or recipients, including copy recipients, of the ATTORNEYS' EYES ONLY information.

(f) Court reporters and videographers engaged for depositions and third parties, if any, specifically engaged for the limited purpose of copying, processing or managing documents.

(g) Outside consultants and experts that are retained or engaged by a Party for purposes of this litigation whose duties and responsibilities require access to ATTORNEYS' EYES ONLY information. Five days prior to disclosure to any consultant or expert, the person must be informed of and agree to be subject to the provisions of this Protective Order requiring that the documents and information be held in confidence by signing an undertaking in the form of Exhibit A to this Protective Order, and a copy of such undertaking must be provided to outside counsel of record.

(h) Any other person agreed to in writing by the party designating the ATTORNEYS' EYES ONLY information.

13. Any Party may, at a deposition or in preparing for a deposition, absent a Court order or agreement to the contrary, disclose CONFIDENTIAL information to: (1) any person identified in Paragraph 11; or (2) any Party or Signatory to this Protective Order. Similarly, any party may, at a deposition or in preparing for a deposition, absent a Court order or agreement to the contrary, disclose ATTORNEYS' EYES ONLY information to any person identified in Paragraph 12.

(a) Any Party who wishes to disclose CONFIDENTIAL information to a deposition witness who does not fall into one of the categories set forth in Paragraph 11 should

make reasonable efforts to have the witness sign an Undertaking in the form of annexed Exhibit A. Before any CONFIDENTIAL information may be disclosed to any witness who refuses to sign the Undertaking, the party wishing to make such disclosure shall give at least 10 days advance notice in writing to the counsel who designated such information as CONFIDENTIAL, stating the names and addresses of the person(s) to whom the disclosure will be made, identifying with particularity the documents to be disclosed, and stating the purposes of such disclosure. If within 5 days an objection to the proposed disclosure is filed with the Court, the objecting party shall arrange a teleconference with the Court and deliver copies of the documents in question to the Court prior to the teleconference. Disclosure is not permissible until the Court has denied the objection. The Court will deny the objection unless the objecting party shows good cause why the proposed disclosure should not be permitted. The objecting party will have the burden of persuasion.

(b)     Before any ATTORNEYS' EYES ONLY information may be disclosed to a deposition witness who does not fall into one of the categories set forth in Paragraph 12, the party wishing to make such disclosure shall give at least 10 days advance notice in writing to the counsel who designated such information as ATTORNEYS' EYES ONLY, stating the names and addresses of the person(s) to whom the disclosure will be made, identifying with particularity the documents to be disclosed, and stating the purposes of such disclosure. If within 5 days an objection to the proposed disclosure is filed with the Court, the objecting party shall arrange a teleconference with the Court and deliver copies of the documents in question to the Court prior to the teleconference. Disclosure is not permissible until the Court has denied the objection. The Court will deny the objection unless the objecting party shows good cause why the proposed disclosure should not be permitted. The objecting party will have the burden of persuasion.

(c)     Third parties who produce documents in this case, pursuant to subpoenas

- 10 -

CORRECTED STIPULATED PROTECTIVE ORDER

or otherwise, may elect to become Signatories to this Protective Order by executing an Election in the form of the attached Exhibit B.  Such third parties shall then enjoy the benefits of this Protective Order as to the protection of CONFIDENTIAL and ATTORNEYS' EYES ONLY information produced by such third parties, and they shall also be bound by the obligations of this Protective Order, including the obligation to maintain the confidentiality of CONFIDENTIAL and ATTORNEYS' EYES ONLY information.  With respect to any such third party, the provisions of paragraph 13 and all its subparagraphs shall apply with respect to depositions and preparation for depositions.

(d)     All disputes regarding whether a witness may or may not be shown specified documents at a deposition or in preparation for a deposition will be resolved by the United States District Court for the Eastern District of California, regardless of the location of the witness or the deposition, and all interested persons shall be bound by the Orders of said Court relating thereto.

14.     Nothing shall restrict a Party from disclosing to its own officers, directors, partners, members or employees CONFIDENTIAL or ATTORNEYS' EYES ONLY information it has produced, or from disclosing CONFIDENTIAL or ATTORNEYS' EYES ONLY information, provided that if a producing party renders CONFIDENTIAL or ATTORNEYS' EYES ONLY information public, the receiving party may treat the document in the same manner.

15.     Nothing in paragraphs 11 through 13 with respect to the disclosure of such CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall be construed as excepting or otherwise limiting the confidentiality provisions of paragraph 19 contained herein and the protections envisioned by said paragraph 19 are expressly made applicable to the persons and entities described in paragraphs 11 through 13.

16.     This Protective Order does not limit the right of a Party to offer CONFIDENTIAL

CORRECTED STIPULATED PROTECTIVE ORDER

or ATTORNEYS' EYES ONLY information into evidence at trial, or to use it for any other lawful trial purpose, including impeachment.  A Party may seek advance determination by the Court of the admissibility or non-admissibility of CONFIDENTIAL or ATTORNEYS' EYES ONLY information.  The Court may apply restrictions, as it deems appropriate, on the manner of use of CONFIDENTIAL or ATTORNEYS' EYES ONLY information at trial, on re-publication of CONFIDENTIAL or ATTORNEYS' EYES ONLY information introduced at trial, and on public access to CONFIDENTIAL or ATTORNEYS' EYES ONLY information introduced at trial.

Subject to the Federal Rules of Evidence, documents stamped CONFIDENTIAL or ATTORNEYS' EYES ONLY and any other CONFIDENTIAL information may be offered in evidence at trial or any Court hearing, provided that the proponent of the evidence gives advance notice 3 days prior to use at a hearing and in the final pretrial order for use at trial to counsel for any party or other person that designated the information as CONFIDENTIAL or ATTORNEYS' EYES ONLY.  Any party may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure.  The Court will then determine whether the proffered evidence should continue to be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY information and, if so, what protection, if any, may be afforded to such information at the trial.

17.     Any corporation or entity which is affiliated with any of the Parties and which produces documents or information responsive to the Parties' discovery requests is a third-party beneficiary of this Protective Order and Nondisclosure Agreement and may pursue all civil remedies available to it for breach thereof.

18.     In the event that the Parties desire to provide access to or disseminate CONFIDENTIAL or ATTORNEYS' EYES ONLY information to any person not otherwise

- 12 -

CORRECTED STIPULATED PROTECTIVE ORDER

entitled to access under this Protective Order, the Parties may agree to allow such access or any Party may move the Court for an Order that such person be given access thereto.  In the event that the motion is granted, such person may have access to CONFIDENTIAL or ATTORNEYS' EYES ONLY information after first signing an Undertaking in the form of Exhibit A attached hereto.  Counsel seeking disclosure of such CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall retain the original of each such signed Undertaking through the conclusion of this action, including any appeals.

19.     Material designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, including all information derived therefrom and all copies, summaries, abstracts, excerpts, indices and descriptions of such material shall be held in confidence, shall not be made public by any Party or person entitled under the terms of this Protective Order to access such material, and shall not be used for any financial, commercial, marketing, business or other competitive purpose.

20.     If CONFIDENTIAL or ATTORNEYS' EYES ONLY information is disclosed to or comes into the possession of any person other than in the manner authorized by this Protective Order, any Party becoming aware of such disclosure shall immediately inform the producing party of all pertinent facts relating to such disclosure and shall instruct each unauthorized person to treat such information as confidential and demand that it be returned.

21.     If any material designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY is to be filed with the court in connection with any proceedings in this action, such material shall be filed in accordance with Local Rule 141.  If a Party anticipates the disclosure, at an oral court hearing, of a document marked CONFIDENTIAL or ATTORNEYS' EYES ONLY that has not been filed under seal, the Party seeking to use such material shall provide notice to the producing party at least three business days prior to the hearing.

- 13 -

CORRECTED STIPULATED PROTECTIVE ORDER

22.     The acceptance of material designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall not constitute an admission or concession, or permit an inference that such material is, in fact, confidential.  Any Party may challenge the confidential designation of material as not confidential.  Similarly, any party may challenge a designation of ATTORNEYS' EYES ONLY.  Such challenge must be in writing.  If the status of any material or information that has been designated CONFIDENTIAL or ATTORNEYS' EYES ONLY is challenged, the producing party shall have ten (10) days after receipt of the written challenge to object in writing to the challenge.  In the case that a timely written objection to the challenge is made, the party requesting declassification shall have the burden of filing with the Court a motion to declassify, and this Court will resolve the issue.  The producing party shall have the burden of establishing that the CONFIDENTIAL or ATTORNEYS' EYES ONLY information should not be declassified.  Such motion or application shall identify with specificity the CONFIDENTIAL or ATTORNEYS' EYES ONLY information that is the subject of the motion, but shall not disclose or reveal the contents of that material except in the manner prescribed by this Order.  If such a motion or application is made, all discovery material so designated shall maintain CONFIDENTIAL or ATTORNEYS' EYES ONLY status pending a determination by the Court as to its appropriate status.  If there is no written objection to the challenge within ten (10) days thereof, the challenged material shall become non-confidential.

23.     This Protective Order shall not be construed to prevent the Parties from applying to this Court for relief therefrom, or from applying to this Court for further or additional protective orders, or from agreeing between themselves to modifications of this Protective Order, subject to the approval of this Court.  The Protective Order shall not preclude the Parties from enforcing their rights against any other Party or any non-party believed to be violating their rights.  It is expressly understood between counsel for the parties that the category of personnel

CORRECTED STIPULATED PROTECTIVE ORDER

set forth in Paragraphs 11 and 12 *supra* may be increased by agreement or upon a showing,

subject to the approval of this Court, by any Party that such modification is necessary.

24.     Upon final termination of this action, including all appeals, the receiving party

may retain in-house and at its outside counsel of record in this case documents, things, copies and

samples to the extent they include or reflect the receiving attorney's work product.  Such outside

counsel may also retain a complete set of all documents filed with the Court in this action.  With

respect to any such retained material, this Protective Order shall survive the final termination of

this action to the extent the information in such material is not or does not become known to the

public and continue to be binding upon all persons to whom CONFIDENTIAL or ATTORNEYS'

EYES ONLY information is disclosed hereunder.  Within one hundred and twenty (120) days of

final termination of this action, including all appeals, all copies and samples of material

designated CONFIDENTIAL or ATTORNEY EYES ONLY and any other summaries, abstracts,

excerpts, indices and descriptions of such material and information derived from such material

that are recorded in any tangible form, (1) shall be assembled (except for any that may be retained

by the Court) and returned to the producing party's counsel, along with a certification in writing

that all such materials have been returned; or (2) the receiving party may alternatively destroy all

such materials and certify, in writing, the destruction thereof.  Accordingly, upon final

termination of this action, no one, other than outside counsel of record in this case as described

herein, shall retain any copies or samples of any material designated as CONFIDENTIAL or

ATTORNEYS' EYES ONLY.

25.     The restrictions and obligations set forth herein relating to material designated as

CONFIDENTIAL or ATTORNEYS' EYES ONLY shall not apply to any information that: (a)

the Parties agree should not be designated as such; (b) the Parties agree, or this Court rules, is

already public knowledge; (c) the Parties agree, or this Court rules, has become public knowledge

CORRECTED STIPULATED PROTECTIVE ORDER

other than as a result of disclosure by the receiving party, its employees or agents in violation of this Protective Order; or (d) has come or shall come into the receiving party's legitimate knowledge or possession independently of the production by a Party under conditions such that its use and/or public disclosure by the receiving party would not violate some obligation to another.  The burden of proving prior knowledge is upon the Party asserting such prior knowledge.  Such restrictions and obligations shall not be deemed to prohibit discussions with any person of any material designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY if that person already has or obtains legitimate possession thereof.

26.     Until such time as this Order has been entered by the Court, the parties agree that upon execution by all of the parties, it will be treated as though it had been "So Ordered."  At the conclusion of the present action, the Court shall retain jurisdiction to enforce the terms of this Order.  Each recipient of CONFIDENTIAL or ATTORNEYS' EYES ONLY information that executes Exhibit A shall be subject to the jurisdiction of this Court for purposes of the implementation and enforcement of this Order.

**IT IS ORDERED:**

Dated: ___January 14, 2011_                    __/s/ Oliver W. Wanger_____
                                               Oliver W. Wanger
                                               United States District Judge

CORRECTED STIPULATED PROTECTIVE ORDER

**IT IS SO STIPULATED BY THE PARTIES:**

DATED:  January 7, 2011

By:*/s/*

David G. Bayles
Attorneys for Plaintiff
PAC-WEST TELECOMM, INC.

By:*/s/* Scott H. Angstreich (as authorized on 01/07/11)

Scott H. Angstreich
Attorneys for Defendant
MCI COMMUNICATIONS SERVICES, INC. d/b/a
VERIZON BUSINESS SERVICES

1

2    UNITED STATES DISTRICT COURT

3    EASTERN DISTRICT OF CALIFORNIA

4

5    PAC-WEST TELECOMM, INC.,               Case No. 1:10-cv-01051-OWW-GSA

6                    Plaintiff,

7    v.

8    MCI COMMUNICATIONS SERVICES,
     INC. d/b/a VERIZON BUSINESS
9    SERVICES

10                   Defendant.

11

12                                      **EXHIBIT A**

13

14          UNDERTAKING OF _____

15   STATE OF _____        )

16                                    )   ss:
     COUNTY OF_____            )
17

18          I, being duly sworn, state that:

19          1.       My present address is _____.  My present employer is

20          _____, and the address of my present

21          employer is _____.  My present occupation is

22

23          _____.

24          2.       I have received a copy of the Protective Order in this action.  I have carefully read

25          and understand the provisions of the Protective Order.

26          3.       I will comply with all of the provisions of the Protective Order.  I will hold in

27          confidence, will not disclose to anyone not qualified under the Protective Order,

28          and will use only for purposes of the above-entitled action, any CONFIDENTIAL

- 2 -    CORRECTED STIPULATED PROTECTIVE ORDER

information, including ATTORNEYS' EYES ONLY information if relevant, including the substance and any copy, summary, abstract, excerpt, index or description of such material that is disclosed to me.

4. I will return all CONFIDENTIAL information, including ATTORNEYS' EYES ONLY information, if applicable, that comes into my possession, and all documents and things that I have prepared relating thereto, to counsel for the Party by whom I am employed or retained or from whom I received such material when requested to do so.

5. I understand that if I violate the provisions of the Protective Order, I will be subject to sanctions by the Court, and that the producing party may assert other remedies against me. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

_____

Sworn to and subscribed before me
this ___ day of _____, 20___

_____
Notary Public

My commission expires _____

- 3 -    CORRECTED STIPULATED PROTECTIVE ORDER

1

2                      UNITED STATES DISTRICT COURT

3                      EASTERN DISTRICT OF CALIFORNIA

4

5    PAC-WEST TELECOMM, INC.,              Case No. 1:10-cv-01051-OWW-GSA

6                   Plaintiff,

7    v.

8    MCI COMMUNICATIONS SERVICES,
     INC. d/b/a VERIZON BUSINESS
9    SERVICES

10                  Defendant.

11

12                                **EXHIBIT B**

13        ELECTION OF NON-PARTY TO PARTICIPATE IN PROTECTIVE ORDER

14              NAME OF NON-PARTY:

15   STATE OF _____        )

16                                  )   ss:
     COUNTY OF_____          )
17

18        I, being duly sworn, state that:

19        1.      My present address is _____.  My present employer is

20        _____, and the address of my present

21        employer is _____.  My present occupation is

22

23        _____.

24        2.      I have received a copy of the Protective Order in this action.  I have carefully read

25        and understand the provisions of the Protective Order.

26        3.      I hereby elect to become a Signatory to the Protective Order.  Any

27        CONFIDENTIAL information, including ATTORNEYS' EYES ONLY

28        information, if applicable, produced by me will be so designed in accordance with

                                                    CORRECTED STIPULATED PROTECTIVE  ORDER

1

2      the terms of the Protective Order, and will receive the protections set forth in the

3      Protective Order.  I will comply with all of the provisions of the Protective Order.

4      I will hold in confidence, will not disclose to anyone not qualified under the

5      Protective Order, and will use only for purposes of the above-entitled action, any

6

7      CONFIDENTIAL information, including ATTORNEYS' EYES ONLY

8      information, if applicable, including the substance and any copy, summary,

9      abstract, excerpt, index or description of such material that is disclosed to me.

10          4.      I will return all CONFIDENTIAL information, including ATTORNEYS' EYES

11      ONLY information, if applicable, that comes into my possession, and all

12      documents and things that I have prepared relating thereto, to counsel for the Party

13      by whom I am employed or retained or from whom I received such material when

14      requested to do so.

15

16          5.      I understand that if I violate the provisions of the Protective Order, I will be

17      subject to sanctions by the Court, and that the producing party may assert other

18      remedies against me.  I hereby submit to the jurisdiction of this Court for the

19      purpose of enforcement of the Protective Order in this action.

20

21

22                                                    _____

      Sworn to and subscribed before me
23      this ___ day of _____, 20__

24      _____
      Notary Public
25

26      My commission expires _____

27

28